**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5146**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID M. HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Benson Everett Legg, District Judge.
(1:01-cr-00115-BEL-3)

Submitted:  April 15, 2010          Decided:  May 25, 2010

Before TRAXLER, Chief Judge, and GREGORY and DUNCAN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore,
Maryland, for Appellant.    Michael Joseph Leotta, Christopher
John Romano, Assistant United States Attorneys, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted David M. Harris of five offenses: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine; (2) possession with intent to distribute five hundred grams or more of cocaine; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) possession of a firearm by a convicted felon; and (5) possession of ammunition by a convicted felon. Sentenced in accordance with the then-mandatory sentencing guidelines, Harris received a total of 270 months' imprisonment. On direct appeal, this court affirmed Harris' convictions, but vacated his sentence and remanded for resentencing, in accordance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Harris, 215 F. App'x 262 (4th Cir. 2007) (Nos. 03-4297/4298). On remand, the district court sentenced Harris to 211 months' imprisonment. Harris now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but raising the issues of whether certain prior convictions were properly considered in Harris' criminal history and whether Harris' sentence was reasonable. In addition to restating the claims by counsel in the Anders brief, Harris claims in pro se supplemental briefs that the district court abused its

2

discretion in denying his motion for another continuance and failed to explain its reasons for the chosen sentence. He further moves for remand to the district court on various grounds pertaining to his convictions. The Government has declined to file a response. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we first examine the sentence for "significant procedural error," including: "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. We "then consider the substantive reasonableness of the sentence imposed." Id. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 522 U.S. at 51). If the sentence is within the guidelines range, we apply a presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence located within a correctly calculated guidelines range is presumptively reasonable."),

3

cert. denied, 129 S. Ct. 1312 (2009); see Rita v. United States, 551 U.S. 338, 347 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Harris first contends that the district court erred in calculating his criminal history category under the sentencing guidelines. In this regard, he objects specifically to the addition of points in his criminal history for: (1) a 1984 arrest and resulting convictions for Sexual Offense and Battery; and (2) a 1996 conviction for possession of a firearm in a vehicle.[*] In considering the district court's application of the guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Because Harris was convicted of Sexual Offense as an adult, he was sentenced on the Sexual Offense conviction to more than thirteen months, his sentence was imposed less than fifteen years prior to the commencement of the subject offense and his incarceration extended into the fifteen-year period prior to the

---

[*] Although counsel challenges the prior conviction for handgun possession on the ground that the Government failed to prove that prior conviction belonged to Harris, a closer review of the pleadings and transcripts of the proceedings makes clear that counsel objected on this basis to the CDS possession conviction, and not the handgun possession conviction. We find no basis in the record to apply the argument to the handgun possession conviction.

commencement of the subject offense, we find three points were properly added to Harris' criminal history category based on this prior conviction.  See U.S. Sentencing Guidelines Manual § 4A1.1, comment. (n.1) ("Three points are added for each prior sentence of imprisonment exceeding one year and one month . . . . A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period . . . . A sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this item only if it resulted from an adult conviction."); see also USSG § 4A1.2(d)(1) ("If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.").

Harris next argues, as he did below, that his conviction for CDS possession was also improperly assessed one point in the calculation of his criminal history.  He contends the Government failed to prove he was the person convicted of that offense.  The district court found by a preponderance of the evidence that Harris was the individual who received the conviction for possession of CDS in 1996.  We find no error in this factual finding.  See generally United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (quoting United States v. Terry,

5

916 F.2d 157, 162 (4th Cir. 1990)) ("A mere objection to the finding in the presentence report is not sufficient . . . . Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'").

Last, Harris argues that his sentence was unreasonable under the guidelines and the 18 U.S.C. § 3553(a) factors. The district court here followed the necessary procedural steps in sentencing Harris, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, performing an individualized assessment of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the 211-month sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In determining that a 211-month sentence was appropriate, the district court considered the § 3553(a) factors, explicitly noting Harris' offense was "serious;" he was a part of an "organized drug ring;" "[he] recruited others;" and he "has a serious criminal record." The district court stressed that a 211-month sentence protects the public, deters Harris, and is sufficient in light of the fact that Harris has taken college courses, has a work record, and has a son he cares about. Harris' within-Guidelines sentence is presumptively

6

reasonable on appeal, and Harris has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). We therefore find no abuse of discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and Harris' pro se supplemental briefs and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We further deny Harris' pending motions to remand, to substitute counsel, and "To Dismiss for Extreme Appellate Delay." This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED